UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BRICK, | Case No. 2:23-cv-2621-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| JENNIFER CRETCHEN-MCCOY, *et al.*, | |
| Defendants. | |

Plaintiff brings this action *pro se*, alleging that defendants violated his rights in various ways relating to child custody. ECF No. 1 at 6-9. As articulated, the complaint fails to put defendants on notice of the specific claims against them in compliance with federal rules. I will give plaintiff leave to amend to file an amended complaint that better explains his claims. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's claims concern the custody of his children, but the specifics are difficult to understand. His first allegation is that a "child involved in [his] case," which I take to mean his own child, has been allowed to work under a fictitious identity in violation of child labor laws. ECF No. 1 at 6. Plaintiff cites the Federal Child Abuse Prevention and Treatment Act as the basis for this claim, but this act does not provide for federal civil remedies for private individuals. *See Taleff v. Taleff*, No. 18-CV-1294-AJB-JMA, 2018 U.S. Dist. LEXIS 206408, *3 (S.D. Cal. Dec. 6, 2018) ("The Federal Child Abuse Prevention and Treatment Act, as well as 42 U.S.C. § 3058i, fail to invoke this Court's jurisdiction under 28 U.S.C. § 1331. . . . Nowhere does the act provide for federal civil remedies by private individuals for alleged child abuse . . . ."). Additionally, while plaintiff broadly alleges that the child in question was allowed by defendants Johl,

2

1  Cretchen-McCoy, and Miguel-Perez to work in 2023, the specifics of that work and defendants'
2  action (or inaction) is absent.  He alleges only that the child was involved in "money trafficking"
3  to Mexico, but offers no context for this claim.  ECF No. 1 at 7.
4      The complaint then shifts to vague complaints about defendants failing to provide him
5  with frequent visitation with his *children*, implicating more than one child in the complaint for the
6  first time.  *Id.*  He claims that defendants Johl and Cretchen-McCoy have made false claims about
7  his "erratic and volatile behavior," but finishes by claiming that the agency has acted contrary to
8  the interests of the children at issue by "keeping [them] away from their birth and legal parents
9  who reside in Mexico." *Id.* at 8.  As such, I cannot tell whether plaintiff is advocating for the
10 return of his child or children to Mexico or for additional time with them here.  It is further
11 unclear if at least one of the children is his, insofar as he refers to a "father in Mexico." *Id.*  He
12 does allege that defendants have allowed the children to have contact with an unnamed aunt and
13 the "mother who she is detained from," but does not allege why these actions were violative of
14 his rights.  In addition to requesting one hundred thousand dollars in damages, plaintiff requests
15 that his child, singular, be returned to "Jaqueline Sanchez Gonzalez." *Id.* at 9.  That individual is
16 not party to this case, however, and plaintiff does not have standing to advocate on her behalf for
17 child placement.
18     At a fundamental level, the complaint fails to apprise the reader of the claims at issue.  I
19 cannot tell how many children are implicated in the allegations, whether plaintiff is their
20 biological father, or how each defendant interacted with each child and violated plaintiff's rights
21 therewith.  Accordingly, the complaint fails to comply with Rule 8, insofar as it does not contain
22 a "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.
23 R. Civ. P. 8(a)(2).  In so doing, it fails to give defendants fair notice of the claims against them.
24 *Twombly*, 550 U.S. at 555.
25     Plaintiff may amend his complaint within thirty days of this order's entry.  He is advised
26 that an amended complaint will supersede his current one and all claims and relevant exhibits
27 must be contained in the new complaint without reference to its predecessor.  If plaintiff fails to
28 file an amended complaint within the deadline, I will recommend this action be dismissed.

3

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    November 7, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE